## RANDALS v. PECOS VALLEY STATE BANK. (No. 665.)

(Court of Civil Appeals of Texas. El Paso. Feb. 1, 1917. Rehearing Denied Feb. 22, 1917.)

1. BILLS AND NOTES ☞460—PLEA IN ABATEMENT—PARTIES—NONJOINDER.

In action on note, there was no defect in parties by failure to join as defendant one not a party to the note in suit, but who had been maker of a prior note on which defendants were sureties, and when such note became due refused to execute renewal note, leaving defendants to execute such note alone.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1434–1443.]

2. PARTIES ☞84(2)—MISJOINDER OF PARTIES—PLEA IN ABATEMENT.

Where the makers of a note are sued thereon, if they desire to recover against a stranger to the note primarily liable therefor, the proper method is to make him a party to the suit.

[Ed. Note.—For other cases, see Parties, Cent. Dig. §§ 136, 138, 141, 142.]

3. PRINCIPAL AND SURETY ☞185—RIGHT OF SURETY AGAINST PRINCIPAL — JUDGMENT — EFFECT.

Action by payee of note against makers and judgment rendered therein constitute no bar to an action by defendants against a third person primarily liable on note.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 524–538.]

Appeal from District Court, Reeves County; S. J. Isaacks, Judge.

Action by the Pecos Valley State Bank against Ben Randals and another. Judgment for plaintiff, and defendant named appeals. Affirmed.

Ben Randals and Jno. B. Howard, both of Pecos, for appellant. J. A. Buck, of Pecos, for appellee.

HIGGINS, J. On January 30, 1913, W. O. S. Pawkett, as principal, Ben Randals and J. W. Parker, as sureties, executed and delivered to appellee two promissory notes. In renewal of said notes the said Randals and Parker on October 4, 1915, executed and delivered to appellee their note in the sum of $1,515.90. Pawkett did not sign this renewal note; his sureties, Randals and Parker, being unable to secure his signature thereto. Appellee filed this suit against Randals and Parker to recover upon the renewal note. Parker made no defense. Randals answered by a plea in abatement that:

"There is a misjoinder of parties of which the plaintiff, the Pecos Valley State Bank, is aware of and knew, in this: That the note mentioned in the sixth paragraph of plaintiff's petition in the sum of $1,515.90 is a note that this defendant and the defendant J. W. Parker are sureties, and that the said W. O. S. Pawkett is primarily liable thereon, which the said plaintiff was well aware of and knew, and that the said Pawkett is and should be a party defendant to this suit."

He also answered to the merits. A verdict was returned and judgment rendered against Randals and Parker.

[1-3] Randals appeals, assigning as error the action of the court in refusing to submit to the jury the issue presented by the plea in abatement. There is no error. Pawkett was not a party to the instrument sued, and the undisputed facts are as stated. So there was nothing to submit to the jury upon the plea. Manifestly he was neither a necessary or proper party to the bank's suit. If Randals desired to recover over against Pawkett, he should have made Pawkett a party to the suit for that purpose. There is nothing now to prevent him from recovering against him when he pays the judgment herein rendered. He and Parker have Pawkett's note to them to cover the indebtedness which they assumed to the bank. They can maintain suit upon this note. The present proceeding does not in any wise bar them from recovering thereon against Pawkett.

Affirmed.